IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APPLICATION OF THE UNITED STATES OF AMERICA FOR AN AUTHORIZATION FOR THE DISCLOSURE OF PROSPECTIVE GPS/E911 LOCATION DATA RELATING TO THE SUBJECT TELEPHONE 412-277-2555, FROM METRO PCS | Magistrate No. *16-1035* <br><br> **UNDER SEAL** |

## AFFIDAVIT FOR DISCLOSURE OF PROSPECTIVE E911/GPS LOCATION DATA RELATING TO A WIRELESS TELEPHONE

I, Eric C. Goucher, being duly sworn, depose and say:

1. I am a Special Agent with the Federal Bureau of Investigation and, acting as such, I am a "federal law enforcement officer" within the meaning of Fed. R. Crim. P. 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. For the reasons and to the extent detailed below, this affidavit seeks:

    a. A warrant pursuant to 28 U.S.C. § 1651(a), Fed. R. Crim. P. 41 and 57(b), and 18 U.S.C.§ 2703 (c)(1)(A), authorizing the disclosure of records of physical location data, as described more fully below in Attachments A and B, generated at any time up to 45 days from the date of the proposed warrant, at such intervals and times as the government may request, that will establish the approximate position of the following wireless telephone issued by METRO PCS: assigned telephone number **(412) 277-2555**, subscribed to Unknown.

    b. Authorization under 18 U.S.C. § 3103a to the extent applicable, for good cause shown, not to reveal the above warrant order of disclosure until 30 days after acquisition

of the last court-authorized disclosures (unless extended for good cause shown by an updated showing of the need for further delay);

c. A direction accompanying the proposed warrant of authorization that directs METRO PCS, its agents and representatives not to disclose the existence of that warrant or its execution or the underlying investigation until further notice.

2. Your Affiant's application and the grounds for the application relate to an ongoing investigation of DAVID T. STEVENSON JR and others, known and unknown, for their involvement in narcotics trafficking in Allegheny, Westmoreland, and Washington Counties of Pennsylvania. Based on the information submitted below, probable cause exists to believe that the requested location-based information will lead to evidence of offenses involving violations of Title 21, United States Code, Section 841(a)(1), that is, possession with intent to distribute a controlled substance (heroin); Title 21, United States Code, Section 843(b), that is, unlawful use of a telephone to facilitate the distribution of heroin; and Title 21, United States Code, Section 846, that is, conspiracy to distribute or possess with the intent to distribute heroin (the "TARGET OFFENSES"), as well as the identification of individuals who are engaged in the commission of these offences.

3. For the reasons set out in this affidavit, there is probable cause to believe that the TARGET OFFENSES have been committed, are being committed, or will continue to be committed by STEVENSON JR (user of the TARGET TELEPHONE) and others, known and unknown.

4. I have been advised that METRO PCS, which services the TARGET TELEPHONE, has the technical means promptly to generate and record physical location data with respect to a specified wireless telephone by measuring its position relative to other known reference points. This data is the product of techniques that this service provider developed to comply with a federal mandate to supply emergency responders with enhanced 911 ("E-911") service. E-911 Phase II data provides relatively precise location information about the cellular telephone itself,

either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. The wireless industry has adopted standards for the precision with which such techniques are expected to locate a wireless telephone.

5. When directed pursuant to warrant, METRO PCS will provide a designated law enforcement agency with periodically-updated physical location data with respect to the TARGET TELEPHONE. In order to acquire each update, the TARGET TELEPHONE must be powered on and the service provider may send a signal to the TARGET TELEPHONE which results in it transmitting a response to the provider's network. Where, as here, physical location data is to be generated at the request of law enforcement, the carrier may send its triggering signal to the TARGET TELEPHONE unobtrusively, without alerting the user of that device.

6. I submit that the following establishes probable cause to believe that a crime has been committed, that STEVENSON JR, user of the TARGET TELEPHONE, along with others, known and unknown, committed that crime, and that the information likely to be received concerning the location of the TARGET TELEPHONE used by STEVENSON JR will constitute evidence of that crime.

7. Confidential Source #1 (CS1) has been cooperating with law enforcement officers for several years, and is currently motivated by welfare of the community. CS1 has criminal convictions for drug crimes. CS1 is familiar with STEVENSON JR. CS1 has provided historical and current information on STEVENSON JR and CS1 has access to the cellular telephone number used by STEVENSON JR.

8. Your affiant believes that CS1 has provided credible information for the following reasons:

9. CS1 has been cooperating with local and federal law enforcement for several years. During this period of cooperation CS1 has both provided information and proactively participated in

operations targeting illegal narcotic distribution and violent crimes. The information provided by CS1, which includes but is not limited to telephone numbers, has been corroborated over the years, and has also been utilized in the advancement of successful federal narcotics investigations. Furthermore, CS1 has provided specific information which directly resulted in the apprehension of numerous fugitives. CS1 has also participated in consensually monitored and recorded telephone calls and controlled purchases of narcotics. The information provided by CS1 has been corroborated by the FBI. Some of the information provided by CS1 has also been corroborated independently by other confidential sources.

10. In September 2016, CS1 provided investigators with a telephone number (the TARGET TELEPHONE) which CS1 stated STEVENSON JR utilizes to distribute heroin to customers. CS1 has proven credibility with similar information for several years and your affiant has reason to believe that the information provided by CS1 is reliable.

11. Confidential Source #2 (CS2) has been cooperating with law enforcement officers for several months, and is currently motivated by financial compensation. CS2 has criminal convictions for drug crimes. CS2 is familiar with STEVENSON JR. CS2 has provided historical and current information on STEVENSON JR and CS2 has access to the cellular telephone number used by STEVENSON JR.

12. Your affiant believes that CS2 has provided credible information for the following reasons:

13. CS2 has been cooperating with local and federal law enforcement for several years. During this period of cooperation CS1 has both provided information and proactively participated in operations targeting illegal narcotic distribution and violent crimes. The information provided by CS2, which includes but is not limited to telephone numbers, has been corroborated over the years,

and has also been utilized in the advancement of successful federal narcotics investigations. Furthermore, CS2 has provided specific information which directly resulted in the apprehension of one fugitive, as well as a significant seizure of evidence in a drug trafficking investigation.

14. CS2 has provided detailed information about STEVENSON JR, including quantities and methods of distribution. The information provided by CS2 has been corroborated by the FBI. Some of the information provided by CS2 has also been corroborated independently by other confidential sources. Accordingly, your affiant has reason to believe that the information provided by CS2 is credible.

15. CS2 has known STEVENSON JR for years, and has purchased heroin from him. STEVENSON JR would sell heroin to CS2 in large quantities in Clairton, PA. Additionally, the TARGET TELEPHONE was provided by Paris Carr, a high-ranking member of the Jeffrey Lee Carter drug trafficking organization. The TARGET TELEPHONE had reportedly been used by Carr previously for the same purposes.

16. Your affiant believes that CS1 and CS2 do not know one another and are unaware that the other is providing information as part of this investigation.

17. For all these reasons, law enforcement has probable cause to believe that the TARGET TELEPHONE is currently under the domain of, and is being used by, STEVENSON JR.

18. Accordingly, the prospective GPS physical location data requested in this application, as related to the TARGET TELEPHONE, will allow the FBI to: 1) help to confirm that the TARGET TELEPHONE is in possession of STEVENSON JR, 2) identify the associates of STEVENSON JR, 3) link STEVENSON JR to residences, businesses, and drug stash house locations, 4) link

STEVENSON JR to his co-conspirators and local and/or out-of-state suppliers, and 5) allow law enforcement to determine when and where STEVENSON JR engages in future heroin transactions. In sum, this ping order will provide law enforcement with evidence of STEVENSON JR's drug trafficking, which he purportedly conducts in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

19. Pursuant to 18 U.S.C. § 2705 (b), to the extent applicable, the government seeks a directive to METRO PCS not to disclose the government's acquisition of physical location data until further notice. Pursuant to 18 U.S.C. § 3103a, the government seeks authorization to delay our notification to STEVENSON JR until 30 days after acquisition of the last disclosures authorized by the Court's order (unless extended for good cause shown by an updated showing of the need for further delay). The grounds for this request are as follows: STEVENSON JR and others are believed to be engaged in the distribution of heroin and are currently part of an ongoing investigation. Alerting STEVENSON JR to the existence of this order would likely result in him discarding his telephone and prevent the continued identification of co-conspirators in this drug trafficking activity.

20. WHEREFORE, your affiant respectfully requests that the Court issue an order in the form annexed that: Pursuant to 28 U.S.C. § 1651(a), Fed. R. Crim. P. 41 and 57(b), and 18 U.S.C. § 2703 (c)(1)(A), directs METRO PCS to disclose the requested physical location data with respect to the TARGET TELEPHONE to the FBI, to be generated at any time up to 45 days from the date of the proposed order, at such intervals and times furnishing all information, facilities, and technical assistance necessary to accomplish said disclosure unobtrusively;

21. Pursuant to the same authority, authorizes execution of the warrant at any time of day or night, due to the potential need to locate the TARGET TELEPHONE outside of daytime hours;

22.	Pursuant to 18 U.S.C. § 2706 and the All Writs Act, 28 U.S.C. § 1651(a), directs that METRO PCS be paid compensation by FBI for reasonable expenses directly incurred in providing the facilities and assistance described above;

23.	Pursuant to 18 U.S.C. § 3103a, authorizes the government to delay notice to STEVENSON JR to the extent requested herein; and

24.	Pursuant to 18 U.S.C. § 2705 (b) and the All Writ Act, 28 U.S.C. § 1651(a), directs METRO PCS, its agents and representatives not to disclose the existence of the proposed warrant, its execution or the underlying investigation until further notice.

25.	Because this investigation is ongoing, it is further respectfully requested that this application and any warrant issued thereon be ordered sealed until further notice.

_____
Eric Goucher
Special Agent, FBI

Sworn and subscribed before me
this 3rd day of November 2016.

_____
Maureen P. Kelly
Chief United States Magistrate Judge

## ATTACHMENT A

Property to Be Searched

The cellular telephone assigned call number (412) 277-2555, (the "TARGET TELEPHONE"), whose wireless service provider is METRO PCS. Information about the location of the TARGET TELEPHONE that is within the possession, custody, or control of METRO PCS. This court has authority to issue this warrant under 18 U.S.C. §§2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

## ATTACHMENT B

Particular Things to be Seized

All information about the location of the TARGET TELEPHONE described in Attachment A for a period of 45 days, during all times of the day and night. "Information about the location of the TARGET TELEPHONE" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information for the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of METRO PCS, is required to disclose the Location Information to the government at such intervals and times as directed by the FBI. In addition, METRO PCS must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with METRO PCS services, including by initiating a signal to determine the location of the TARGET TELEPHONE on METRO PCS network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate METRO PCS for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2). METRO PCS, its representatives, agents and employees, unless and until otherwise ordered by the Court, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this order or the generation of or production to law enforcement of the location information required herein, except METRO PCS may disclose the attached warrant to an attorney for METRO PCS for the purpose of receiving legal advice.